<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES WILLIAMS, | : : : | |
| Petitioner, | : : | Civil Action No. 19-9318 (BRM) |
| v. | : : : | **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : : : : | |
| Respondents. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

Petitioner James Williams ("Petitioner") is a state prisoner confined at New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court ordered Respondents to file a limited answer as to the issue of timeliness of the Petition. (ECF No. 2.) Respondents filed a limited answer (ECF No. 4), Petitioner filed a reply (ECF No. 6), and Respondents filed a response (ECF No. 8). For the reasons expressed below, Petitioner's § 2254 Petition is **DISMISSED WITH PREJUDICE** as untimely, and no certificate of appealability shall issue.

**I. BACKGROUND**

On July 13, 2006, following a jury trial, Petitioner was found guilty of first-degree armed robbery, N.J.S.A § 2C:15-1 (count one), and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. § 2C:39-4a (count two). (*See* ECF No. 4-2.) On October 10, 2006, after merging the two counts, the trial judge sentenced Petitioner to 40 years imprisonment, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J.S.A.

§ 2C:43-7.2, and five years of parole supervision. (*Id.*) The sentence was to run consecutively to a sentence previously imposed following Petitioner's conviction in the Superior Court of New Jersey, Law Division (Criminal), Ocean County, New Jersey, under Indictment No. 04-02-0327. (*Id.*)

Petitioner filed a Notice of Appeal, and, on July 2, 2009, the Appellate Division affirmed Petitioner's conviction and sentence. (ECF No. 4-4, *State v. Williams*, A-2112- 06T4 (N.J. Super. Ct. App. Div. July 2, 2009).) On October 8, 2009, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 4-5, *State v. Williams*, 983 A.2d 199 (N.J. 2009).) Petitioner did not file a petition for certiorari with the Supreme Court of the United States. (ECF No. 1, ¶ 9(h).)

On January 25, 2010, Petitioner filed a Petition for Post-Conviction Relief ("PCR"). (ECF No. 4-6.) On March 20, 2012, the PCR court denied his petition (ECF No. 4-7) and on April 5, 2012, Petitioner field a motion for reconsideration (ECF No. 4-8). On August 16, 2012, the PCR court denied Petitioner's motion for reconsideration. (ECF No. 4-9.)

On August 15, 2012, the day prior to the PCR court's denial of Petitioner's motion for reconsideration, Petitioner filed a Notice of Appeal with the Appellate Division. (ECF No. 4-10.) On January 26, 2015, the Appellate Division affirmed the PCR court's denial of post-conviction relief. (ECF No. 4-12, *State v. Williams*, A-6215-11T1, 2014 WL 7671580 (N.J. Super. Ct. App. Div. Jan. 26, 2015).) On June 19, 2015, Petitioner filed a petition for certification with the New Jersey Supreme Court (ECF No. 4-13), and the court denied certification on October 9, 2015, (ECF No. 4-15, *State v. Williams*, 122 A.3d 991 (N.J. 2015)).

On April 5, 2019, Petitioner filed the instant habeas Petition, raising twelve grounds for relief.[1] (ECF No. 1.)

The Court ordered Respondents to file a limited answer as to the issue of timeliness of the Petition. (ECF No. 2.) Respondents filed a limited answer, arguing that the Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 4.) Petitioner filed a reply (ECF No. 6), and Respondents filed a response (ECF No. 8). The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.  LEGAL STANDARD

The AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] While the Petition states he placed it in the mail on April 3, 2019, the cover letter submitted with the Petition is dated April 5, 2019. (ECF No. 1, at 1.)

3

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

### III. DECISION

Respondents argue that the Petition is untimely. The Court agrees and will dismiss the Petition as such.

Petitioner's conviction became final within the meaning of AEDPA on January 6, 2010, 90 days after the New Jersey Supreme Court denied certification of his direct appeal. (ECF No. 4-5, *Williams*, 983 A.2d 199.) *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the United States Supreme Court.") Therefore, absent statutory or equitable tolling, Petitioner's AEDPA one-year limitations period expired one year later, on January 6, 2011.

#### A. Statutory Tolling

The AEDPA limitations period is tolled, however, during any period in which a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v.*

*Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins*, 705 F.3d at 85. The PCR petition is considered to be pending, and the AEDPA limitations period continues to be tolled, during the time the petitioner could have appealed a PCR decision within the state courts, even if the petitioner did not in fact file such an appeal. *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). However, "[t]he application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

The limitations period ran for 19 days before it was statutorily tolled when Petitioner filed his first PCR petition on January 25, 2010. (*See* ECF No. 4-6.) On October 9, 2015, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 4-15, *Williams*, 122 A.3d 991.) The AEDPA's one-year statute of limitations period began to run the following day, on October 10, 2015, and expired 347 days[2] later, on September 20, 2016. Accordingly, Petitioner's habeas petition filed on April 5, 2019 was filed over two-and-one-half-years late and, absent equitable tolling, will be dismissed as time barred.

### B.  Equitable Tolling

Petitioner argues he is entitled to equitable tolling.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable

---

[2] The 347 days is calculated based on 365 days in a calendar year, plus one extra day for leap year in 2016, less the early 19-day period that had previously run.

tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland*, 560 U.S. at 653]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

Equitable tolling, however, is only warranted under extraordinary circumstances that would have prevented a petitioner from filing a timely habeas petition. *LaCava*, 398 F.3d at 276. "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition."

6

*Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

In his reply, Petitioner argues he should be entitled to equitable tolling because after the New Jersey Supreme Court denied certification, Petitioner sought legal help from a prison paralegal named Tivon Neals. (ECF No. 6, at 2.) On December 7, 2015, the prison's Special Investigation Division searched the Inmate Legal Association's office and confiscated floppy disks and legal papers, including Petitioner's legal work. (*Id.*) Mr. Neals exhausted his administrative remedies and filed a civil lawsuit in state court seeking the return of his seized legal items. (*Id.*) Petitioner was eventually transferred to another prison in 2019. (*Id.*, at 3.) In February 2019, a new prison paralegal was assigned to help Petitioner with his habeas petition, who wrote to the public defenders' office to obtain the necessary documents but did not get a response. (*Id.*) The instant Petition was drafted using the partial briefs and motions Petitioner already had in his possession. (*Id.*)

Petitioner's arguments are unconvincing, as Petitioner fails to show that he exercised reasonable diligence. The Third Circuit Court of Appeals has considered whether the denial of access to legal materials warrants equitable tolling. *See Robinson v. Johnson*, 313 F.3d 128, 142–43 (3d Cir. 2002) (finding petitioner being deprived of his legal papers for only a few weeks of the

7

year-long statute of limitations did not present a basis for equitable tolling); *see also United States v. Thomas*, 713 F.3d 165, 174-75 (3d Cir. 2013) (finding petitioner not entitled to equitable tolling when there was no support that petitioner acted diligently, nor did he explain the necessity of the material he was deprived of.) Here, Petitioner fails to elaborate on exactly which legal materials were confiscated, nor does he explain why those legal materials were necessary for the timely filing of his Petition. Petitioner ultimately filed the instant Petition without the benefit of any of the allegedly confiscated materials. (*See* ECF No. 6, at 3.) It does not appear an extraordinary circumstance prevented a petitioner from filing a timely habeas petition. *Ross*, 712 F.3d at 803.

However, even if this Court assumes *arguendo* that the confiscation of Petitioner's legal materials is an "extraordinary circumstance" for the purposes of equitable tolling, Petitioner is not entitled to equitable tolling because he fails to show he exercised the reasonable diligence necessary to warrant application of equitable tolling. *See Pabon v. Sup't S.C.I. Mahanoy*, 654 F.3d 385, 402 (3d Cir. 2011) ("Even if a petitioner has faced extraordinary circumstances, he must also exercise reasonable diligence in bringing the claims.") (quotation omitted).

Petitioner does not assert that he took any steps to secure the return of his legal materials or that he attempted to obtain copies of said materials. Rather, Petitioner only asserts that Mr. Neals was seeking the return of all confiscated materials. Petitioner also fails to explain what prevented him from filing a protective § 2254 petition, while he sought to obtain the material he allegedly needed. *See Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief); *see also Robinson*, 313 F.3d at 143 (denying equitable tolling when Petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials as 28 U.S.C. § 2242 and Fed. R. Civ. P. 15(a) would allow"); *see also Cutler v. Davis*,

No. 20-9011 (JMV), 2021 WL 2411306, at *4 (D.N.J. June 14, 2021) (dismissing petition where petitioner did not file any habeas petition, including a protective petition, for sixteen years). Finally, as noted above, it does not appear the confiscated materials were necessary to the filing of his Petition. Although the confiscated legal materials were not returned to Petitioner, Petitioner admits he ultimately filed his Petition based on briefs and motions that had remained in Petitioner's possession. Petitioner makes no argument as to why he was not able to timely file his Petition based on the briefs and motions he had in his possession.

In light of the forgoing, Petitioner's assertion that he was prevented from filing a timely Petition because some of his legal materials were confiscated is rejected based on Petitioner's own admission that he submitted the Petition based on materials in his possession. Petitioner's reply does not show that he acted with reasonable diligence in bringing his federal claims for habeas relief. Accordingly, Petitioner is not entitled to equitable tolling and the Petition is dismissed with prejudice as time barred.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

9

484 (2000). Here, jurists of reason would not disagree with this Court's conclusion that the Petition is time barred. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed above, the Petition is **DISMISSED with prejudice**. A certificate of appealability shall not issue.

An appropriate order follows.

Dated: March 28, 2022

                                               */s/ Brian R. Martinotti*
                                               **HON. BRIAN R. MARTINOTTI**
                                               **UNITED STATES DISTRICT JUDGE**